IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CEDRIC PEOPLES,**
        **Plaintiff,**

                                                  Civil Action No. 3:11-CV-169-BK

**v.**

**ALI SHAUN GANJI d/b/a BEVERAGE
DEPOT #2,**
        **Defendant.**

## ORDER

On June 28, 2011, the parties consented to proceed before the Magistrate Judge on this Fair Labor Standards Act ("FLSA") case. (Doc. 16). The case proceeded to a jury trial on September 10, 2012, after which the jury returned a verdict in favor of Plaintiff for $7,504.88. (Doc. 36). The cause is now before the Court on (1) Plaintiff's *Motion for an Award of Liquidated Damages* (Doc. 38); (2) Plaintiff's *Motion for Attorney's Fees and Costs* (Doc. 40); (3) Defendant's *Motion for Leave to File Trial Amendment* (Doc. 46); and (4) Plaintiff's *Supplemental Motion for Attorney's Fees* (Doc. 51). For the reasons that follow (1) Plaintiff's *Motion for an Award of Liquidated Damages* is **GRANTED** in the amount of $7,504.88; (2) Defendant's *Motion for Leave to File Trial Amendment* is **DENIED**; and (3) Plaintiff's original and *Supplemental Motion for Attorney's Fees and Costs* are **GRANTED** to the extent that Plaintiff is entitled to recover attorneys' fees in the amount of $23,313.50.

**A.**     **Motions for Liquidated Damages and to File Trial Amendment**

In a case filed pursuant to the FLSA, upon a finding that his employer violated the Act, an aggrieved employee is entitled to recover both unpaid wages and an additional, equal amount as

liquidated damages. 29 U.S.C. § 216(b). The district court, rather than the jury, awards liquidated damages. *See Mireles v. Frio Foods*, 899 F.2d 1407, 1414 (5th Cir. 1990). The Court may grant an exception to an award of liquidated damages if the employer meets the "substantial burden" of showing that it (1) acted with subjective good faith, and (2) had reasonable grounds to believe that it was not violating the FLSA. *Id.* at 1415.

Plaintiff requests an award of liquidated damages in the amount of $7,504.88, arguing that the jury's verdict confirms that Defendant intentionally failed to pay him overtime. (Doc. 38 at 2-3). Plaintiff contends that Defendant may not avail himself of the "good faith" defense because he did not plead it as an affirmative defense, and he presented no evidence at trial that he had an honest intention to ascertain what the FLSA required or to comply with the FLSA. *Id.* at 2.

Defendant opposes the award of liquidated damages and argues in both his response and *Motion for Leave to File Trial Amendment* that the evidence at trial was sufficient to raise the issue that he was acting in subjective good faith and that his actions were objectively reasonable. (Doc. 46 at 1-2; Doc. 47 at 1-3). Thus, he contends that the Court should, in its discretion, deny liquidated damages. *Id.* Additionally, Defendant contends that the issues of good faith and reasonableness were tried by consent, and pursuant to Federal Rule of Civil Procedure 15(b), he wishes to amend his answer to raise that defense to conform to the evidence. (Doc. 46 at 2).

Plaintiff opposes Defendant's request to amend his answer post-trial. (Doc. 50). He argues that he did not consent to trial on that issue either explicitly or implicitly. *Id.* at 2. Plaintiff also contends that permitting the amendment would prejudice him because he cannot now rebut the affirmative defense. *Id.* at 3. Finally, Plaintiff urges that allowing leave to amend

would be futile because (1) Defendant admitted that he set Plaintiff's work schedule, and the jury believed Plaintiff's testimony that Defendant scheduled him to work 10:00 a.m. to close each night, rather than Defendant's testimony that he scheduled Plaintiff to start work at 11:00 a.m.; and (2) even if Defendant did not know that Plaintiff started work at 10:00 a.m. each day, his store manager did, and her knowledge is imputed to Defendant, as principal.

Upon consideration, the Court declines to allow Defendant's post-trial amendment. First, the amendment would prejudice Plaintiff for the reasons he argues. In particular, he was not put on notice during the trial that the issues of Defendant's good faith and reasonableness were being tried, thus he had no opportunity to present opposing evidence. *See Wallin v. Fuller*, 476 F.2d 1204, 1210 (5th Cir. 1973) ("The possibility of prejudice to the opposing party may of course be reason to find a lack of consent to amendment under Rule 15(b)."). Further, even if Defendant showed that he lacked knowledge that Plaintiff was working overtime, Defendant's manager was working with Plaintiff at the store during the time in question, and she knew Plaintiff's actual hours. By operation of law, her knowledge is imputed to Defendant, her employer. *Standard Oil Co. of Tex. v. United States*, 307 F.2d 120, 127 (5th Cir. 1962).

Finally, even assuming that the undersigned was persuaded that Defendant satisfied the good faith exception, the Court would nevertheless exercise its discretion to award liquidated damages as permitted by 29 U.S.C. section 216(b). *Mireles*, 899 F.2d at 1415 n.8 ("Even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b)."). For these reasons, Plaintiff's *Motion for an Award of Liquidated Damages* (Doc. 38) is **GRANTED** in the amount of $7,504.88 and Defendant's *Motion for Leave to File Trial*

*Amendment* (Doc. 46) is **DENIED**.

B.   **Plaintiff's Motions for Attorney's Fees and Costs**

Plaintiff initially moved for an award of attorney's fees of $38,356.00 and $3,278.18 in costs pursuant to the FLSA, 29 U.S.C. § 216. (Doc. 40). Counsel stated that he worked on the case for 83.8 hours at a cost of $450.00 per hour, and a paralegal worked on the case for 6.8 hours at a cost of $95.00 per hour.[1] *Id.* at 3; *see also* Doc. 40-1 at 1-2 (Supporting Declaration). Plaintiff also has filed a *Supplemental Motion for Award of Reasonable Attorneys' Fees* and supporting declaration, requesting that the Court award an additional $2,475.00 in attorneys' fees incurred for the 5.5 hours counsel spent (1) reviewing Defendant's responses to Plaintiff's motions, (2) responding to Defendant's motion, and (3) preparing the supplemental fee motion. (Doc. 51 at 1-2; Doc. 51-1). Additionally, Plaintiff seeks reimbursement of case-related expenses of $1,499.44 for items such as meals, hotel room expenses, and mileage. (Doc. 41 at 2).

Defendant responds that counsel's fees are excessive and duplicative, and the costs billed are excessive and unsupported. (Doc. 47 at 3). Defense counsel opines that a reasonable hourly rate for Plaintiff's counsel is $300.00 per hour, and the hours necessary to litigate the case were 57 hours of attorney time and 6.2 hours of paralegal time. Defendant thus submits that a reasonable fee amounts to $17,689.00. *Id.* at 3-4; *see also* Doc. 47-1 (*Controverting Declaration*).

---

[1] Although counsel states in his motion that he worked on the case for 77.5 hours, his declaration states that he worked on the case for 83.8 hours. A review of counsel's billing records reveals that the latter number is correct.

*1. Costs*

A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* FED. R. CIV. P. 54(d)(1). Taxable court costs include: (1) fees paid to the clerk and the marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821 & 1920. Upon the entry of final judgment in this case, the Clerk of Court taxed unchallenged costs incurred in each of those categories in the total amount of $1,772.73 against Defendant. (Docs. 48, 49). The Court may not award costs outside those categories as Rule 54 is not "a separate source of power to tax as costs expenses not enumerated in section 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Accordingly, the Court cannot award costs above and beyond the amount already taxed by the Clerk, such as reimbursement for hotel rooms, mileage, and meals.[2]

*2. Attorney's Fees*

Because Plaintiff is the prevailing party in this matter, he is entitled to recover his reasonable attorney's fees. 29 U.S.C. § 216(b). The most common starting point for assessing a reasonable attorney's fee under fee-shifting statutes is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (considering a fee award under Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1988). When calculating this "lodestar" figure, the district court should exclude hours that

---

[2] The Court does question, however, why counsel has billed Plaintiff for a hotel room on September 13, 2012, three days after the trial in this matter concluded.

were not reasonably expended, for example, if the case was overstaffed or the hours were redundant or unnecessary. *Id.*

Plaintiff seeks a total award of $40,831.00 in attorneys' fees. (Doc. 40 at 1; Doc. 51 at 2). Defendant objects to both Plaintiff's counsel's hourly rate as well as the number of hours spent on the litigation. Addressing the hourly rate first, the Court finds that an hourly rate of $350.00 is more appropriate in this case. In June 2011, Mr. Scalise represented to the court that his hourly rate was $300.00 per hour, and there is no apparent reason why his rate has escalated so dramatically since that time, particularly since his paralegal's hourly rate has not changed. *Bell v. Able Sec. & Investigations, Inc.*, Case No. 3:10-CV-1945-L, Doc. 17-2 at 2. Given the Court's knowledge of fees charged by attorneys and support staff in the local community with reasonably comparable skill, experience, and reputation, the Court finds $350.00 per hour to be reasonable for counsel and $95.00 per hour to be reasonable for the paralegal. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (noting that reasonable rates are determined by reference to "those prevailing in the community for lawyers of reasonably comparable skill, experience and reputation.").

In terms of calculating the other half of the lodestar figure, namely the number of reasonable hours expended, Defendant challenges many of the hours Plaintiff's counsel and paralegal billed. Upon review of counsel's billing records and Defendant's individual challenges, the Court is in agreement with Defendant as to each challenge, with the exception of the challenge to the number of hours Plaintiff's counsel reasonably should have spent preparing his three witnesses for trial. Plaintiff's counsel contends that he spent eight hours on this task on September 8, 2012, and Defendant claims only three hours are reasonable. The Court finds,

however, that six hours is reasonable for witness preparation time.

Defendant did not file a response to Plaintiff's *Supplemental Motion for Award of Reasonable Attorneys' Fees* in which counsel seeks an additional $2,475.00 for 5.5 hours spent (1) reviewing Defendant's responses to Plaintiff's motions, (2) responding to Defendant's motion, and (3) preparing the supplemental motion.  Nevertheless, the Court has undertaken an independent review of those billing records and finds them to be reasonable.  Accordingly, the Court will deduct 23.9 hours from counsel's time and .6 hours of paralegal time upon a finding that those hours were not reasonably expended for the reasons stated by Defendant.  Plaintiff is left with 64.9 hours of billable time at a rate of $350.00 per hour, totaling $22,715.00 and 6.3 hours of paralegal time at a rate of $95.00 per hour, totaling $598.50.  Plaintiff's entire recovery for fees thus equals $23,313.50.

Once the lodestar figure is calculated, it then may be adjusted "upward or downward depending upon the respective weights of the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*" *Matter of Fender*, 12 F.3d 480, 487 (5th Cir. 1994).  The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-719, *overruled on other*

*grounds by Blanchard v. Bergeson*, 489 U.S. 871 (1989)).

As the Fifth Circuit explained in *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996) (citations, quotations, and footnote omitted):

> The first factor already is included in the lodestar, and the district court must be careful . . . not to double count a *Johnson* factor already considered in calculating the lodestar[.]  The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and we have held that enhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts . . . An enhancement based on the eighth factor is appropriate only when the fee applicant can demonstrate that it is customary in the area for attorneys to charge an additional fee above their hourly rates for an exceptional result[.] . . .  The Supreme Court has barred any use of the sixth factor.  The seventh factor is subsumed in the number of hours reasonably expended.

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Plaintiff's counsel contends that the application of the *Johnson* factors supports the fee he requests in this case, and he does not seek any adjustment to the fee award based on *Johnson*.  (Doc. 40 at 4).  Upon independent review of the *Johnson* factors, there does not appear to be any justification for enhancing or lowering the lodestar rate calculated above.

Accordingly, and for the reasons set forth above, (1) Plaintiff's *Motion for an Award of Liquidated Damages* (Doc. 38) is **GRANTED** in the amount of $7,504.88; (2) Defendant's *Motion for Leave to File Trial Amendment* (Doc. 46) is **DENIED**; and (3) Plaintiff's original and *Supplemental Motion for Attorney's Fees and Costs* (Docs. 40 and 51) are **GRANTED** to the extent that Plaintiff is entitled to recover attorneys' fees in the amount of $23,313.50.

**SO ORDERED** on December 3, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE